**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM SEYMOUR JONES,**

           **Petitioner,**

**v.**                                       **Civil Action No. 5:11CV120**
                                                **(Judge Stamp)**

**KUMA DEBOO, Warden,**

           **Respondent.**

**REPORT AND RECOMMENDATION THAT PETITIONER'S § 2241 PETITION BE
DISMISSED AND ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING
AND TAKE JUDICIAL NOTICE OF THE LAW, DENYING MOTION FOR AN
EVIDENTIARY HEARING TO BE CONDUCTED IN THE INTEREST OF JUSTICE
AND FOR ORAL ARGUMENT, AND DENYING MOTION FOR THIS COURT TO
ADDRESS ALL ISSUES IN THIS § 2241 PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE RULE 52(a) FINDINGS AND CONCLUSIONS AS MOOT**

On September 9, 2011, the *pro se* petitioner, William Seymour Jones, filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his conviction be reversed.

After receiving a Notice of Deficient Pleading, Petitioner re-filed his petition on the proper form

on September 26, 2011. This matter, before the undersigned for a Report and Recommendation

pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

Following a seven-day trial in the U.S. District Court for the Eastern District of

Pennsylvania, Petitioner was convicted on Counts one through seven of conspiracy to commit a

Hobbs Act robbery; interference with commerce by robbery; use of a gun during a crime of

violence; and possession of a firearm by a convicted felon.  On September 26, 2003, Petitioner

was sentenced as to Counts one, two, six and seven to 137 months imprisonment; 84 months of

imprisonment on Count three to run consecutively to Counts one, two, six and seven; and 25

years as to Count five to run consecutively to all other counts. Petitioner was also sentenced on

all counts to five years of supervised release, a special assessment fee of $600, and restitution in

the amount of $40,755.99. On October 1, 2003, the Petitioner filed a Notice of Appeal of the final judgment, and on June 27, 2005, the Court affirmed his conviction but vacated the sentence and remanded the case for re-sentencing. On November 29, 2005, Petitioner was re-sentenced as to Counts one, two, six and seven to 110 months imprisonment, five years of supervised release, $40,755.99 in restitution and a $600 special assessment fee. As to Count three, Petitioner was re-sentenced to 84 months imprisonment to run consecutively with counts one, two, six and seven, five years of supervised release, $40,755.99 in restitution, and a $600 special assessment fee. Petitioner was re-sentenced as to Count five with 300 months imprisonment to run consecutively with the other Counts, five years of supervised release, $40,755.99 in restitution, and a $600 special assessment fee.

Petitioner has filed actions in the United States District Court for the Eastern District of Pennsylvania and in the Fourth Circuit Court of Appeals seeking relief from his conviction. On January 16, 2002, the District Court denied Petitioner's motion to Vacate, Set Aside, or Correct Sentence without prejudice. On October 8, 2002, Petitioner again filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, but he withdrew the motion on March 18, 2003 while maintaining the right to refile. On January 4, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. §2255, and on June 23, 2006, it was denied. On July 3, 2006, Petitioner filed a Motion for a Certificate of Appealability, and on February 5, 2007, the Third Circuit Court of Appeals denied his request for a certificate of appealability.

The petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the following grounds for relief: (1) a jurisdictional defect in the indictment; (2) a deficient indictment for failure to include the types or serial numbers of the firearms used; (3) a defective indictment for failure to include to include all required elements for violations of 18

U.S.C. §§ 924(c) and 922(g) and (4) an erroneous sentence due to enhancing and stacking based on a defective indictment.

## II. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[1] the prohibition against successive

---

[1]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
    The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not

demonstrate that the § 2255 remedy is inadequate of ineffective. <u>In re Vial</u>, 115 F. 3d 1192,

1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction
> when: (1) at the time of the conviction, settled law of this circuit or the
> Supreme Court established the legality of the conviction; (2) subsequent
> to the prisoner's direct appeal and first §2255 motion, the substantive
> law changed such that the conduct of which the prisoner was convicted is
> deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-
> keeping provisions of §2255 because the new rule is not one of
> constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-334 (4th Cir. 2000).

Although the petitioner has not raised the savings clause, it is clear that he is not entitled

to its application. In the instant case, even if the petitioner satisfied the first and the third

elements of <u>Jones</u>, the crime for which the petitioner was convicted remains a criminal offense,

and therefore the petitioner cannot satisfy the second element of <u>Jones</u>. Therefore, because the

petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he

meets the <u>Jones</u> requirements, the petitioner has not demonstrated that § 2255 is an inadequate or

ineffective remedy and has improperly filed a § 2241 petition.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

be **DENIED and DISMISSED WITH PREJUDICE**.

## V. <u>ORDERS</u>

On November 30, 2011, Petitioner filed a Motion for an Evidentiary Hearing and Take

Judicial Notice of the Law.[1] On February 8, 2012, Petitioner filed a Motion for an Evidentiary

---

[1] Dkt. No. 16.

Hearing to be Conducted in the Interest of Justice and for Oral Argument.[2] Also on February 8, 2012, Petitioner filed a Motion for this Court to Address All Issues Stated in this § 2241 Petition Pursuant to Federal Rules of Civil Procedure Rule 52(a) Findings and Conclusions.[3] Because, as noted in the above analysis, this Court finds that Petitioner has improperly filed a § 2241 petition and has recommended dismissal, accordingly, Petitioner's other motions are **<u>DENIED AS MOOT</u>**.

On or before **March 23, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Report and Recommendation and Order to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation and Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 9, 2012                    /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Dkt. No. 26.
[3] Dkt. No. 28.