```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

WILLIAM SEYMOUR JONES,

     Petitioner,

v.                                      Civil Action No. 5:11CV120
                                                    (STAMP)

KUMA DEBOO, Warden,

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE;
DENYING AS MOOT PETITIONER'S SUPPLEMENTAL
MOTION FOR COURT TO TAKE JUDICIAL NOTICE; AND
DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS**

I.  Procedural History

On September 9, 2011, the pro se[1] petitioner, William Seymour Jones, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 requesting that his conviction be reversed.[2]  Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him twenty-one days to re-file.  The petitioner filed an amended complaint on October 20, 2011.  In attacking the validity of his conviction, the petitioner claims that his indictment was defective.  Specifically, the petitioner asserts: (1) his Fifth Amendment rights were violated; (2) the indictment was defective because it failed to describe the types or serial numbers of the firearms used; (3) the indictment

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Gilmer.

was defective because it failed to include all required elements for violations of 18 U.S.C. §§ 924(c) and 922(g); and (4) his sentences were erroneously stacked and based upon a defective indictment.

On February 1, 2012, the respondent filed a motion to dismiss in which she argues that this Court lacks jurisdiction to hear the petitioner's claims. According to the respondent, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition as it relates to his allegations concerning his conviction and sentence. The petitioner filed a response in opposition to the motion to dismiss on February 14, 2012, in which he claims that he was tried twice for the same offense and that the judgment is void because the Pennsylvania federal court lacked jurisdiction to try him for a crime committed in the state of New Jersey. (ECF No. 30.) Subsequently, the petitioner filed a document titled "Traverse to Respondent's Motion to Dismiss" (ECF No. 31) and another filing titled "Traverse Standard of Review (Incorporated) with Traverse of Motion to Dismiss" (ECF No. 32).

On February 8, 2012, the petitioner filed the following documents: (1) a motion for an evidentiary hearing and for oral argument (ECF No. 26); (2) an affidavit in support of the traverse/opposition to respondent's reply (ECF No. 27); (3) a motion for the court to address all issues pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (ECF No. 28); and (4) an

appeal in part of the magistrate judge's Roseboro notice (ECF No. 29).

On March 9, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge further recommended that the petitioner's other motions be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on or before March 23, 2012. On March 16, 2012, the petitioner filed objections to the report and recommendation. (ECF No. 35.) Subsequently, the petitioner filed: (1) an appeal from the report and recommendation (ECF No. 36); (2) an affidavit in support of objections (ECF No. 37); and (3) a supplemental motion regarding judicial notice (ECF No. 38). For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety and the petitioner's supplemental motion regarding judicial notice must be denied as moot.

## II. Facts

Following a jury trial in the United States District Court for the Eastern District of Pennsylvania, the petitioner was convicted on Counts One through Seven of conspiracy to commit Hobbs Act robberies; interference with commerce by robbery; use of a firearm during a crime of violence; possession of a firearm by a convicted

felon; and aiding and abetting.  The petitioner was later sentenced to 137 months imprisonment as to Counts One, Two, Six, and Seven; 84 months of imprisonment as to Count Three (to run consecutively to Counts One, Two, Six, and Seven); and 25 years as to Count Five (to run consecutively to all other counts).  The petitioner was also sentenced on all counts to five years of supervised release, a special assessment of $600.00, and restitution in the amount of $40,755.99.  Following appeal and remand, the petitioner was re-sentenced to a total term of 494 months incarceration.

On January 4, 2006, the petitioner filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he alleged ineffective assistance of counsel, as well as prosecutorial misconduct.  The United States District Court for the Eastern District of Pennsylvania denied the petitioner's § 2255 motion, and the petitioner then appealed to the United States Court of Appeals for the Third Circuit.  The Third Circuit ultimately denied the petitioner's request for a certificate of appealability, holding that the petitioner had failed to make a substantial showing of a denial of a constitutional right, that his § 2255 motion lacked merit, and that he was prohibited from raising new motions on appeal.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in this case. Thus, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

IV. Discussion

In the report and recommendation, the magistrate judge first discusses the difference between a § 2241 petition and a § 2255 motion. Citing In re Jones, 226 F.3d 328 (4th Cir. 2000), the magistrate judge explains that the petitioner has not raised an appropriate basis for § 2241 relief because he has attacked the validity of his sentence yet failed to demonstrate that § 2255 is an inadequate or ineffective remedy. The magistrate judge states that the petitioner cannot satisfy the second element of the In re Jones test because he cannot show that the conduct for which he was convicted is now deemed not to be criminal.

In his objections, the petitioner first argues that the magistrate judge failed to address certain issues in his report and recommendation. Specifically, the petitioner asserts that the report and recommendation does not address the argument that his Tenth Amendment rights were violated when he was tried in Pennsylvania for two guns found and used in New Jersey. (Pet'r's Objs. 2; 6.) Further, the petitioner claims that the magistrate

5

judge failed to discuss his argument regarding his extradition to Pennsylvania. (Pet'r's Objs. 2; 7.) Next, the petitioner argues that because a jurisdictional challenge to the indictment may be raised at any time, this Court must review the alleged defects in the indictment and the applicable case law <u>de novo</u>. Lastly, the petitioner asserts that the magistrate judge addressed neither the respondent's motion to dismiss nor the petitioner's responses to the motion to dismiss. The "Petitioner's Appeal from Magistrate Judge Report and Recommendation, to the District Court Judge under 28 U.S.C. § 636(c)(4) and Civil Rule 73(d)" reiterates these same arguments, as does his "<u>Pro se</u> Affidavit Appeal Memorandum of Law in Support of Objections."

In his "Supplemental Judicial Notice," the petitioner requests that this Court take judicial notice of a case recently decided by the Supreme Court: <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). The petitioner cites to <u>Martinez</u> in support of his argument that his counsel was ineffective -- an argument that is raised for the first time, in this action, in his objections and is therefore deemed waived. See <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001).

This Court agrees that the magistrate judge's report and recommendation does not address the petitioner's Tenth Amendment argument or his extradition argument, which were both asserted in his amended complaint. However, this Court finds that because the petitioner's § 2241 petition was improperly filed, it was not

necessary for the magistrate judge to discuss these arguments. Additionally, although the magistrate judge does not specifically reference the respondent's motion to dismiss, the report and recommendation discusses and ultimately adopts the argument presented by the respondent: that this Court lacks jurisdiction to hear the petitioner's claims because the petitioner has improperly filed a § 2241 petition as it relates to his allegations concerning his conviction and sentence.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

This Court agrees that the petitioner has failed to establish the elements required by In re Jones. Specifically, 21 U.S.C. §§ 2; 1951; 924(c) and 922(g), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the In re Jones test and his § 2241 petition must be denied, his objections overruled, and his "supplemental judicial notice" denied as moot.

## V.   Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 is DENIED and DISMISSED WITH PREJUDICE. Further, the petitioner's supplemental motion to take judicial notice (ECF No. 38) and the respondent's motion to dismiss (ECF No. 22) are DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that

a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 14, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE