IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM SEYMOUR JONES,

      Petitioner,

v.                            Civil Action No. 5:11CV120
                                                  (STAMP)

KUMA DEBOO, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT AND
DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS**

I.  Procedural History

On September 9, 2011, the pro se[1] petitioner, William Seymour Jones, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 requesting that his conviction be reversed.[2] Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him twenty-one days to re-file. The petitioner filed an amended complaint on October 20, 2011. In attacking the validity of his conviction, the petitioner claims that his indictment was defective. Specifically, the petitioner asserts: (1) his Fifth Amendment rights were violated; (2) the indictment was defective because it failed to describe the types or serial numbers of the firearms used; (3) the indictment was defective because it failed to include all required elements for violations of 18 U.S.C. §§ 924(c) and 922(g); and (4) his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Gilmer.

sentences were erroneously stacked and based upon a defective indictment.

On February 1, 2012, the respondent filed a motion to dismiss in which she argued that this Court lacked jurisdiction to hear the petitioner's claims. According to the respondent, the petitioner failed to demonstrate that § 2255 is an inadequate or ineffective remedy, and he improperly filed a § 2241 petition. The petitioner filed a response in opposition to the motion to dismiss on February 14, 2012, in which he claimed that he was tried twice for the same offense and that the judgment is void because the Pennsylvania federal court lacked jurisdiction to try him for a crime committed in the state of New Jersey. (ECF No. 30.) Subsequently, the petitioner filed a document titled "Traverse to Respondent's Motion to Dismiss" (ECF No. 31) and another filing titled "Traverse Standard of Review (Incorporated) with Traverse of Motion to Dismiss" (ECF No. 32).

On February 8, 2012, the petitioner filed the following documents: (1) a motion for an evidentiary hearing and for oral argument (ECF No. 26); (2) an affidavit in support of the traverse/opposition to respondent's reply (ECF No. 27); (3) a motion for the court to address all issues pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (ECF No. 28); and (4) an appeal in part of the magistrate judge's Roseboro notice (ECF No. 29).

On March 9, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge further recommended that the petitioner's other motions be denied as moot. On March 16, 2012, the petitioner filed objections to the report and recommendation. (ECF No. 35.) Subsequently, the petitioner filed: (1) an appeal from the report and recommendation (ECF No. 36); (2) an affidavit in support of objections (ECF No. 37); and (3) a supplemental motion regarding judicial notice (ECF No. 38).

On May 14, 2012, this Court issued an opinion affirming and adopting the report and recommendation of the magistrate judge, denying and dismissing with prejudice the petitioner's § 2241 petition, denying as moot the petitioner's supplemental motion for court to take judicial notice, and denying as moot respondent's motion to dismiss.

After entry of the clerk's judgment, the petitioner filed a "motion for the court to alter or amend judgment pursuant to Rules 59(e) and or Rule 60(b)." (ECF Nos. 42 and 43.) Shortly thereafter, the petitioner filed a "motion for writ of error coram nobis pursuant to 28 U.S.C. § 151 and or motion to relate back to § 2241 under Rule 15(c)." (ECF No. 44.) For the reasons stated below, this Court finds that both post-judgment motions must be denied.

## II.  Facts

Following a jury trial in the United States District Court for the Eastern District of Pennsylvania, the petitioner was convicted on Counts One through Seven of conspiracy to commit Hobbs Act robberies; interference with commerce by robbery; use of a firearm during a crime of violence; possession of a firearm by a convicted felon; and aiding and abetting.  The petitioner was later sentenced to 137 months imprisonment as to Counts One, Two, Six, and Seven; 84 months of imprisonment as to Count Three (to run consecutively to Counts One, Two, Six, and Seven); and 25 years as to Count Five (to run consecutively to all other counts).  The petitioner was also sentenced on all counts to five years of supervised release, a special assessment of $600.00, and restitution in the amount of $40,755.99.  Following appeal and remand, the petitioner was re-sentenced to a total term of 494 months incarceration.

On January 4, 2006, the petitioner filed a _pro se_ motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he alleged ineffective assistance of counsel, as well as prosecutorial misconduct.  The United States District Court for the Eastern District of Pennsylvania denied the petitioner's § 2255 motion, and the petitioner then appealed to the United States Court of Appeals for the Third Circuit.  The Third Circuit ultimately denied the petitioner's request for a certificate of appealability, holding that the petitioner had failed to make a substantial showing of a denial of a constitutional right, that his

§ 2255 motion lacked merit, and that he was prohibited from raising new motions on appeal.

### III.  Applicable Law

#### A.  Motion to Alter or Amend Judgment

The petitioner filed his motion to alter or amend pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id. A Rule 59(e) motion may not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly.  Id.  It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

#### B.  Motion for Relief from Judgment

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party

from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason that justifies relief."  A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b).  12-60 <u>Moore's Federal Practice -- Civil</u> § 60.48.  Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances."  <u>See</u> <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 863-64 (1988).

A Rule 60(b) motion may also be construed as a motion for reconsideration.  "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . .  Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 907, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).  However, like a Rule 59(e) motion, a motion for reconsideration

should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision. <u>See</u> <u>Above the Belt</u>, 99 F.R.D. at 101. Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." <u>Prudential Securities, Inc. v. LaPlant</u>, 151 F.R.D. 678, 679 (D. Kan. 1993).

C.    <u>Writ of Error Coram Nobis</u>

A writ of coram nobis is "one of several common law writs historically available to those seeking post-judgment relief." <u>United States v. Poole</u>, 531 F.3d 263, 267 n.8 (4th Cir. 2008); <u>see</u> <u>Black's Law Dictionary</u> 388 (9th ed. 2009) (defining coram nobis as "[a] writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact"). "The writ of coram nobis and several historical analogues have since been collected and codified in Federal Rule of Civil Procedure 60(b)." <u>Poole</u>, 531 F.3d at 267 n.8 (citing Fed. R. Civ. P. 60(b) cmt. to 1946 amendments). Rule 60(b), as described above, now acts as a catch-all, providing for relief from a final judgment in a number of circumstances. <u>Id.</u>

## IV.    <u>Discussion</u>

In his motion to alter or amend judgment pursuant to Rule 59(e) and/or Rule 60(b), the petitioner argues: (1) this Court has penalized the petitioner for not filing a proper <u>pro se</u> motion and

has deliberately disregarded United States Supreme Court precedent concerning extradition; (2) this Court failed to allow the petitioner to prove his case concerning the defective indictment; (3) the petitioner objects to this Court's finding that the magistrate judge was not required to discuss the petitioner's extradition argument; (4) this Court erred in failing to acknowledge certain landmark Supreme Court decisions; and (5) this Court is obligated to answer and address the petitioner's extradition violation issues and his Tenth Amendment claim. In sum, the petitioner asks this Court to revisit all of his previous filings and overrule the decision set forth in the May 14, 2012 memorandum opinion and order. Attached to the motion to alter or amend judgment is an affidavit of the petitioner, in which he repeats the arguments asserted in the motion itself. Similarly, the memorandum of law in support of the motion to alter or amend judgment reiterates these same arguments. In his motion for writ of error coram nobis, the petitioner requests that this Court reopen his case and reconsider all claims. According to the petitioner, the Court is obligated to reopen the case so that he may amend his § 2241 petition.

The arguments raised by the petitioner in his post-judgment motions are almost identical to those raised in his objections to the report and recommendation. Although the petitioner repeatedly asserts that his Tenth Amendment rights were violated, that he was improperly extradited, and that his indictment was defective, he

does not present any proper grounds in support of amending this Court's earlier judgment. The petitioner has not presented evidence of an intervening change in controlling law or new evidence that was not available at trial. Further, the petitioner has not set forth any reason that would justify relief from judgment pursuant to Rule 60(b). At best, the petitioner's motions can be construed as asserting that the judgment must be amended to correct an error of law.

In the May 14, 2012 opinion, this Court explained that the petitioner had improperly filed a § 2241 petition challenging his conviction and sentence. The § 2241 petition was deemed improper because the petitioner had failed to satisfy the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Specifically, the petitioner had failed to demonstrate that § 2255 is an inadequate or ineffective remedy. Nothing in the petitioner's post-judgment motions changes this Court's conclusion that the § 2241 petition was improperly filed. These motions do nothing more than continue to challenge the petitioner's conviction and sentence by asserting that his indictment was defective and by claiming that his extradition to Pennsylvania was in violation of the Tenth Amendment. However,

this Court lacks jurisdiction to reach these arguments. There exists no clear error of law that need be corrected by an amended judgment.

The petitioner claims that he has been penalized for not filing a proper <u>pro se</u> motion. As the record reveals, the § 2241 petition was denied because it was the improper method to challenge the petitioner's conviction and sentence, not because it was filed on the wrong form. The petitioner has had numerous opportunities to present his claims: in his original § 2241 petition, in his amended § 2241 petition, in his response to the respondent's motion to dismiss, in his objections to the report and recommendation, and in his post-judgment motions. Unfortunately, this Court has no jurisdiction to decide those claims that relate to the petitioner's conviction and sentence because they were filed using the wrong vehicle. Thus, this Court did not err in failing to address case law cited by the petitioner or arguments made in support of the Tenth Amendment and extradition claims. The petitioner cannot receive another "bite at the apple" by filing a § 2241 petition collaterally attacking his conviction and sentence following an unsuccessful appeal and/or § 2255 motion. <u>See</u> <u>Ponton v. Mitchell</u>, No. 0:09-2457-HFF-PJG, 2009 WL 3738207, at n.2 (D.S.C. Nov. 5, 2009) (explaining that § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged). The petitioner's

claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and the petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. This Court cannot amend its judgment to allow the petitioner to circumvent the statutory framework established by Congress for the consideration of such claims.

## V. <u>Conclusion</u>

For the reasons set forth above, the petitioner's motion for the Court to alter or amend judgment (ECF No. 42) is DENIED and the petitioner's motion for writ of error coram nobis (ECF No. 44) is DENIED.[3]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED:     August 15, 2012


<u>/s/ Frederick P. Stamp, Jr.</u>

FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3]This Court notes that the May 14, 2012 opinion advised the petitioner of his right of appeal.