IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM SEYMOUR JONES,

    Petitioner,

v.                                        Civil Action No. 5:11CV120
                                                    (STAMP)
KUMA DEBOO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION TO REOPEN UNDER RULE 60(b)**

I. Background[1]

On June 6, 2014, the pro se[2] petitioner, William Seymour Jones, filed a motion to reopen his case based on Federal Rule of Civil Procedure 60(b). Initially, on September 9, 2011, the petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241") requesting that his conviction be reversed.[3] In attacking the validity of his conviction, the petitioner claimed that his indictment was defective. Specifically, the petitioner asserted the following: (1) his Fifth Amendment rights were violated; (2) the indictment was defective because it failed to

---

[1]This opinion only refers to the most relevant procedural history and factual information regarding the petitioner's prior § 2241 petition. For a more complete history, see this Court's prior memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation. ECF No. 45.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[3]The petitioner is currently an inmate at FCI-Gilmer.

describe the types or serial numbers of the firearms used; (3) the indictment was defective because it failed to include all required elements for violations of 18 U.S.C. §§ 924(c) and 922(g); and (4) his sentences were erroneously stacked and based upon a defective indictment. He would later claim that not only was he tried for the same offense twice, but also that the Pennsylvania federal court lacked jurisdiction. Later, on March 9, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. This Court then entered an opinion affirming and adopting the report and recommendation of the magistrate judge. ECF No. 39.

After entry of the clerk's judgment, the petitioner filed a "motion for the court to alter or amend judgment pursuant to Rules 59(e) and or Rule 60(b)." ECF Nos. 42 and 43. Shortly thereafter, the petitioner filed a "motion for writ of error coram nobis pursuant to 28 U.S.C. § 151 and or motion to relate back to § 2241 under Rule 15(c)." ECF No. 44. This Court denied those motions in a memorandum opinion and order. ECF No. 45. The petitioner appealed, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal for failure to prosecute. ECF No. 51.

On June 6, 2014, the petitioner then filed a motion to reopen his case based on Rule 60(b). ECF No. 53. The petitioner now asserts that the decision of the Supreme Court of the United States

in <u>Bond v. United States</u>, 134 S. Ct. 2077 (2014), provides new law that justifies the use of a petition under § 2241 to challenge the legality of his sentence. The petitioner maintains that the Pennsylvania federal court did not have jurisdiction to sentence him because his actions were all within the State of New Jersey. The petitioner also argues that it was an error for this Court to not address those arguments in his § 2241 petition filed on September 9, 2011, and <u>Bond</u> justifies this argument. For the reasons set forth below, the petitioner's motion is denied.

## II. <u>Applicable Law</u>

The petitioner's motion at issue is titled "motion to reopen case" citing to Federal Rule of Civil Procedure 60(b). However, based on the claims and requests in his "motion," this Court construes his motion as a § 2241 petition because his arguments indicate that he is attacking the manner in which his sentence was executed.

A § 2241 petition is used to attack the manner in which a sentence is executed. A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); <u>see</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under

3

that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

### III. Discussion

In his § 2241 petition, the petitioner's main argument is that Bond v. United States provides new law so as to justify the use of a petition under § 2241 to challenge the legality of his sentence. In particular, the petitioner claims that the sentencing court did not have jurisdiction to sentence him because his actions were all within the State of New Jersey. Further, the petitioner argues that this Court has an obligation to review his arguments he claims to have made earlier regarding the Tenth Amendment of the United States Constitution. Because of this, the petitioner requests that he be released under § 2241, pursuant to Bond v. United States.

Essentially, the petitioner is using what this Court interprets as a § 2241 petition to attack his conviction and sentence. As provided earlier, the proper means of attacking his

4

conviction and sentence would be by filing a § 2255 motion and thus, the § 2241 petition at issue is improper. As such, it can only be used if it satisfies the test provided in In re Jones. Regarding his use of a § 2241 petition, this Court finds that the petitioner fails to establish the elements required by In re Jones. Specifically, the substantive laws under which the petitioner was convicted, which included conspiracy to commit Hobbs Act robberies and possession of a firearm by a convicted felon, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crimes petitioner was convicted of still remain criminal. Therefore, the petitioner cannot satisfy the second prong of the In re Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction.

Further, this Court notes that the petitioner's argument concerning Bond v. United States is equally misguided. The petitioner alleges that Bond requires this Court to address his Tenth Amendment argument that he alleges was not earlier discussed. Further, he seems to indicate that Bond helps him satisfy the test provided under In re Jones.

This Court disagrees. First, Bond does not provide that the petitioner's crimes are no longer criminal so as to satisfy the second requirement in In re Jones. Accordingly, the savings clause still does not apply to the petitioner's filing. Second, regarding

5

his claim that this Court must address his Tenth Amendment argument pursuant to Bond, that case was not in the same procedural posture as this civil action. Rather, Bond was on direct appeal, and not raised in a § 2241 petition. These are two distinct contexts, and Bond does not create the alleged obligation that petitioner claims exists in this case. More importantly, Bond does not stand for the proposition that all Tenth Amendment arguments must be addressed in an opinion, and that failure to do so amounts to reversible error and justifies a release from imprisonment. Instead, the Bond decision addressed the specific issue of whether the Chemical Weapons Convention Implementation Act governed a local, state-level crime. More globally, that decision involved issues of federalism and the Tenth Amendment. However, it provides no support to either the petitioner's remedy sought or his arguments that he asserts.

## IV. Conclusion

For the reasons set forth above, the petitioner's motion to reopen his case based on Rule 60(b) is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:     November 18, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE