IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

WILLIAM SEYMOUR JONES,

        Petitioner,

v.                                                              CIVIL ACTION NO.: 5:11–CV–120
                                                                             (STAMP)

WARDEN KUMA DeBOO,

        Respondent.

**REPORT AND RECOMMENDATION THAT
MOTION TO RECONSIDER BE DENIED**

*Pro se* Petitioner's Motion to Reconsider was filed on December 31, 2015. ECF No. 63. In this motion, the Petitioner asks the Court to reconsider its May 14, 2012, Memorandum Opinion and Order Adopting Report and Recommendation [ECF No. 39], in which this Court dismissed with prejudice the Petitioner's 28 U.S.C. § 2241 petition for habeas corpus. In that Order, the Court dismissed the § 2241 petition because the Petitioner failed to establish the elements required by In Re: Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter, amend or vacate a prior judgement. A court may amend a judgment under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error on the law or prevent manifest injustice. Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n.8 (4th Cir. 2008). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396,

403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citations and quotation marks omitted).

Here, the Petitioner does not argue that new evidence has come to light or that amendment is needed to correct a clear error of law or to prevent manifest injustice. Petitioner does argue that Johnson v. United States, 135 S. Ct. 2551 (2015) creates a new rule of law.

However, Johnson is not applicable here. Johnson dealt with an enhanced sentence for armed career criminals. See id.; U.S. Sentencing Guidelines Manual § 4 B 1.4 (U.S. Sentencing Comm'n 2015). Petitioner was sentenced to 137 months on Counts 1, 2, 6 & 7; seven (7) years consecutive on Count 3, 18 U.S.C. § 924(c); and twenty-five (25) years consecutive on Count 5, 18 U.S.C. § 924(c).

There was no enhancement to the sentence for being an armed career criminal. Sentencing Transcript, p. 16.

A copy of the Sentencing Transcript is attached hereto marked Exhibit A.

Accordingly, the Court RECOMMENDS that the Motion for Reconsideration be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk is directed to transmit copies of this Report and Recommendation to all counsel

of record and the *Pro Se* Petitioner.

DATED: March 15, 2016

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE