IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM SEYMOUR JONES,

       Petitioner,

v.                                Civil Action No. 5:11CV120
                                          (STAMP)
KUMA DEBOO, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**DECLINING TO AFFIRM AND ADOPT THE INITIAL**
**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE,**
**AFFIRMING AND ADOPTING THE REMAINING REPORTS**
**AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**
**AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.   Background

The pro se[1] petitioner is a federal inmate who originally filed this civil action in September 2011. ECF No. 1. Previously, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, the petitioner was convicted on Counts One through Seven of conspiracy to commit Hobbs Act robberies; interference with commerce by robbery; use of a firearm during a crime of violence; possession of a firearm by a convicted felon; and aiding and abetting. The petitioner was later sentenced to 137 months imprisonment as to Counts One, Two, Six, and Seven; 84 months of imprisonment as to Count Three (to run consecutively to Counts One, Two, Six, and Seven); and 25 years as to Count Five

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (10th ed. 2014).

(to run consecutively to all other counts). The petitioner was also sentenced on all counts to five years of supervised release, a special assessment of $600.00, and restitution in the amount of $40,755.99. Following appeal and remand, the petitioner was re-sentenced to a total term of 494 months incarceration.

On January 4, 2006, the petitioner filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he alleged ineffective assistance of counsel, as well as prosecutorial misconduct. The United States District Court for the Eastern District of Pennsylvania denied the petitioner's § 2255 motion, and the petitioner then appealed to the United States Court of Appeals for the Third Circuit. The Third Circuit ultimately denied the petitioner's request for a certificate of appealability, holding that the petitioner had failed to make a substantial showing of a denial of a constitutional right, that his § 2255 motion lacked merit, and that he was prohibited from raising new motions on appeal.

The petitioner then filed a petition under 28 U.S.C. § 2241 before this Court, wherein he asserted several violations of his constitutional rights. ECF No. 1. Ultimately, this Court dismissed the petitioner's petition and affirmed and adopted the report and recommendation of the magistrate judge on May 14, 2012. ECF No. 39. As to that ruling, the petitioner filed a motion to reconsider and a motion titled "motion for writ of error coram

nobis," both of which this Court denied. ECF Nos. 42 and 45, respectively. The petitioner appealed this Court's ruling as to the motions to reconsider and coram nobis, and the United States Court of Appeals for the Fourth Circuit dismissed the petitioner's appeal for failure to prosecute. ECF Nos. 47 and 51, respectively.

Next, the petitioner filed a second motion to reconsider. ECF No. 53. This Court denied that motion, and the petitioner again appealed this Court's ruling. ECF Nos. 55 and 56, respectively. Shortly thereafter, the United States Court of Appeals for the Fourth Circuit dismissed the petitioner's appeal for failure to prosecute. ECF No. 60.

At issue now are the petitioner's most recent filings, which are discussed below. After the petitioner's second appeal was dismissed, he filed a third motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 63. In his third motion to reconsider, the petitioner appears to assert that the holding of Johnson v. United States, 135 S.Ct. 2551 (2015), creates a new rule of law. The petitioner also filed a motion to dismiss for lack of subject matter jurisdiction, wherein he asserts that the sentencing court lacked jurisdiction. ECF No. 66. It should be noted that he has previously asserted these arguments in his two prior motions to reconsider and in his § 2241 petition, all of which this Court denied and dismissed. This Court then entered an order directing the government to respond to the petitioner's third

3

motion to reconsider and motion to dismiss. ECF No. 67. The government filed a response, to which the petitioner filed a reply. ECF Nos. 68 and 71. The petitioner then filed a motion to appoint counsel, and a motion titled "motion for the court to take judicial notice." ECF Nos. 72 and 74, respectively.

After receiving the petitioner's numerous motions, this Court then entered an order to refer the pending motions to United States Magistrate Judge James E. Seibert. ECF No. 75. Magistrate Judge Seibert denied the petitioner's motion to appoint counsel, and has since filed three pending reports and recommendations. ECF Nos. 76-79. The first report and recommendation (ECF No. 77) recommends that the petitioner's motion to dismiss and motion to take judicial notice be denied as moot and that the petitioner be prohibited from filing any further pleadings regarding this civil action. In support of that recommendation, the magistrate judge points to the extensive and borderline frivolous filings that the petitioner has filed in this civil action. Further, the magistrate judge relies on the holding of Harper v. Ashcraft, 156 F. App'x 80 (10th Cir. 2005), to permit this Court to prohibit the petitioner from filing any further pleadings in this civil action.

The second report and recommendation (ECF No. 78) pertains to the petitioner's third motion to reconsider. In that report and recommendation, the magistrate judge points out that the petitioner incorrectly asserts that the holding of Johnson applies to his

4

case. In particular, the magistrate judge notes that Johnson involved an enhanced sentence for armed career criminals. Here, the petitioner had no sentencing enhancement imposed on his sentence for being an armed career criminal. Therefore, the magistrate judge recommends that the petitioner's third motion to reconsider be denied. In the third report and recommendation (ECF No. 79), which is titled as "amended," the magistrate judge recommends the same ruling as that found in the first report and recommendation. However, portions of the factual background set forth in the first report and recommendation, but not the ruling, have been amended. Thus, the third report and recommendation is almost identical to the first report and recommendation, but contains slight modifications regarding the factual background.

The petitioner then filed objections to the reports and recommendations. ECF Nos. 82, 83, and 84. In those objections, he lists the reports and recommendations generally. He appears to only object as to the application of the holding of Johnson to his case, and that his motion to dismiss for lack of subject jurisdiction matter should be granted. The petitioner does not, however, set forth the grounds for his objections or precisely identify the findings to which he objects. Further, he asserts that he is innocent of the crimes he committed without pointing to any proof or evidence in support of such assertion.

To summarize, the following motions filed by the petitioner remain pending: (1) the third motion for reconsideration (ECF No. 63); (2) the motion to dismiss for lack of subject matter jurisdiction (ECF No. 66); and (3) the motion for the Court to take judicial notice (ECF No. 74). As for the reports and recommendations, the magistrate judge has entered the following: (1) a first report and recommendation that recommends that the petitioner's motion to dismiss and motion to take judicial notice be denied as moot, and that the petitioner be prohibited from filing any further pleadings in this particular civil action (ECF No. 77); (2) the second report and recommendation, which recommends that the motion to reconsider be denied (ECF No. 78); and (3) a third report and recommendation, labeled as "amended," which is the same as the first report and recommendation, but contains slight modifications as to the factual background (ECF No. 79).

For the reasons set forth above, the second and third reports and recommendations of the magistrate judge (ECF Nos. 78 and 79) are AFFIRMED and ADOPTED, and this Court DECLINES to affirm and adopt the first and recommendation (ECF No. 77). Further, the petitioner's objections are OVERRULED (ECF Nos. 82-84).

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

objections to the reports and recommendations, the magistrate judge's recommendations will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those objections to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. <u>Discussion</u>

As demonstrated above, the petitioner is no stranger to this Court. Many filings have been made in this civil action. Thus, the reports and recommendations, as well as the relevant filings, are discussed below in the order presented.

A. <u>First and Third Reports and Recommendations</u>

In both the first and the third reports and recommendations, the magistrate judge recommends that this Court dismiss the petitioner's motion to dismiss for lack of subject matter jurisdiction and motion to take judicial notice, and that the petitioner be prohibited from filing any further pleadings in this civil action.

The magistrate judge correctly points out that this Court has previously ruled on essentially all of the claims the petitioner asserts in his most recent filings. See ECF Nos. 39, 45, and 55. The petitioner's claims and assertions have all been raised numerous times through not only his initial § 2241 petition, but also his prior motions to reconsider. Moreover, the petitioner alleges a jurisdictional defect in his indictment, which he raised in his initial § 2241 petition and upon which this Court ruled. See ECF Nos. 33 and 39. With regards to that motion, the petitioner in his objections simply requests that it be granted. However, nothing has changed since the petitioner first raised his jurisdictional argument that would cause this Court to rule differently in this case. Therefore, the motion to dismiss for lack of subject matter jurisdiction is DENIED. ECF No. 66. Furthermore, the motion to take judicial notice (ECF No. 74) appears to reassert the arguments from the motion to dismiss for lack of jurisdiction. In particular, the petitioner requests that this Court take judicial notice of the lack of jurisdiction of the sentencing court and ultimately rule in his favor on the issue. However, this Court again points out that the petitioner has raised the jurisdictional argument numerous times in his prior motions, and each time this Court has found that it has lacked merit. The same can be concluded here. Accordingly, the petitioner's motion to take judicial notice is also DENIED. ECF No. 74.

This Court further agrees with the magistrate judge's recommendation that the petitioner be prohibited from filing any further pleadings in this civil action. It should be noted that the petitioner has not objected to that recommendation. Nonetheless, under either a de novo or a clearly erroneous standard, such a ruling is warranted. "A court may impose restrictions commensurate with its inherent power to enter orders 'necessary or appropriate' in aid of jurisdiction." Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994) (quoting 28 U.S.C. § 1651); see also In re Sindram, 498 U.S. 177, 179-80 (1991). Thus, it is well understood that courts may impose a pre-filing review system for plaintiffs with a "history of litigiousness." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992); Flint v. Haynes, 651 F.2d 970, 974 (4th Cir. 1981); see Smith v. United States, 386 F. App'x 853, 857 (11th Cir. 2010) (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002)); In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that have already been adjudicated."). Imposing such a system "recognize[s] the burden that litigious individuals place on the judicial system and [it also] reflect[s] a balance between insuring access to the courts and controlling already overburdened dockets." Burnley, 988

F.2d at 4. Thus, although "prisoners have a constitutional right of access to the courts," <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), such right "'is neither unconditional nor absolute.'" <u>Smith</u>, 386 F. App'x at 857 (quoting <u>Procup v. Strickland</u>, 792 F.2d 1069, 1077-78 (11th Cir. 1986)). Moreover, as the law provides above, district courts have the authority in certain situations to impose appropriate restrictions on a prisoner's access.

With the above law in mind, this Court agrees with the magistrate judge's recommendation that the petitioner be prohibited from filing any further pleadings in this action. Such a ruling does not eliminate or hinder the petitioner's access to the court system. The petitioner may seek to file other civil actions if he wishes. Here, the prohibition imposed applies only to **this civil action**, which has been closed for a lengthy period of time. The petitioner has asserted the same arguments since he first filed his petition under § 2241, which he has reasserted by filing three motions to reconsider, two notices of appeal which he did not prosecute, and many other unrelated filings and pleadings. The record shows that such a restriction with regards to this civil action would be appropriate. Therefore, with regards to solely this civil action, the petitioner is prohibited from filing any further pleadings. However, out of an abundance of caution, it must be stated that the ruling as to this civil action does not prohibit the petitioner from filing or initiating other civil

10

actions to which he satisfies the standard filing requirements applicable to all prisoner litigants.

Based on the reasoning and law set forth above, this Court agrees with the findings of the magistrate judge in the first and third reports and recommendations. However, because the third report and recommendation contains amendments to the factual background that are not present in the first report and recommendation, this Court will DECLINE to affirm and adopt the first report and recommendation (ECF No. 77) and AFFIRM and ADOPT the third report and recommendation (ECF No. 79).

B.  <u>Second Report and Recommendation</u>

In the second report and recommendation, the magistrate judge recommends that the petitioner's motion for reconsideration be denied as moot. ECF No. 78. In particular, the magistrate judge points out that the petitioner raises similar arguments to those that he raised in his first and second motions to reconsider. In his motion to reconsider at issue and his objections, the petitioner claims the holding of <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), creates a new rule of law, such that his pending motion to reconsider should be granted.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

11

a clear error of law or prevent manifest injustice. <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u> A Rule 59(e) motion may not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly. <u>Id.</u> It is improper to use such a motion to ask the court to "rethink what the court has already thought through—rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, the petitioner's motion to reconsider at issue should be denied. Here, the petitioner asserts similar arguments to those that he has stated in his two prior motions to reconsider. As to the application of the holding of <u>Johnson</u>, the petitioner objects to the finding of the magistrate judge and believes that the holding applies to his case. Under the holding of <u>Johnson</u>, the Supreme Court of the United States held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563. As the magistrate judge points out, however, the petitioner received no enhancement to his sentence for being an armed career criminal. ECF No. 78 Ex. 2 *15-17. Therefore, the

holding of Johnson does not apply to the petitioner's sentence, and thus, the petitioner's argument lacks merit. As to any portions of the second report and recommendation to which the petitioner did not object, the findings of the magistrate judge are not clearly erroneous. Accordingly, the second report and recommendation (ECF No. 78) is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## IV. Conclusion

For the reasons set forth above, the second report and recommendation of the magistrate judge (ECF No. 78) and the third "amended" report and recommendation (ECF No. 79) are AFFIRMED and ADOPTED, and this Court DECLINES to affirm and adopt the first report and recommendation of the magistrate judge (ECF No. 77). The petitioner's objections are OVERRULED (ECF Nos. 82-84), and pursuant to the third "amended" report and recommendation, the petitioner is PROHIBITED from filing any further pleadings in this civil action, with the exception of any appeal to the rulings set forth above.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order. However, this Court finds that the parties were properly advised by the magistrate

judge that failure to timely object to the reports and recommendations in this action would result in a waiver of appellate rights.  Therefore, as to the findings to which the petitioner failed to object, he has waived his right to seek appellate review of such findings.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   April 6, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE